DEWAYNE CURTIS WILLIS V. STATE OF TEXAS

NO. 07-00-0190-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 21, 2000

____________________________________

DEWAYNE CURTIS WILLIS

                    

                            Appellant

v.

THE STATE OF TEXAS,

          

                                     Appellee

____________________________________

FROM THE 121ST
 
DISTRICT COURT OF TERRY COUNTY;

NO. 4479; HON. KELLY G. MOORE, PRESIDING

____________________________________

Before BOYD, C.J., QUINN and JOHNSON, JJ.

After a jury trial, appellant Dewayne Curtis Willis was convicted of the offense of driving while intoxicated, a felony.   The punishment, which was enhanced by one prior felony conviction, was assessed by the trial court at thirteen (13) years confinement in the Texas Department of Criminal Justice, Institutional Division.  Appellant timely filed a motion for new trial which was overruled by operation of law.  He then noticed his appeal. 

Appellant’s appointed counsel has filed a motion to withdraw, together with an 
Anders
(footnote: 1) brief 
wherein he certifies that, after diligently searching the record, he has concluded that appellant’s appeal is without merit.  Along with his brief, he has attached a copy of a letter sent to appellant informing him of counsel’s belief that there was no reversible error and of appellant’s right to appeal pro se.  By letter dated July12, 2000, this court notified appellant of his right to file his own brief or response by August 14, 2000, if he wished to do so.  At the present time, appellant has failed to respond.

In compliance with the principles enunciated in 
Anders
, appellate counsel advanced four arguable issues founded upon 1) a motion for continuance that was denied, 2) a 
Batson 
motion, made after the completion of voir dire, that was denied,  3) the legal and factual sufficiency of the evidence to support the finding of guilt, and 4) evidentiary matters.  However, appellate counsel then satisfactorily explained why the arguments lacked merit. Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel’s conclusions and to uncover any error, reversible or otherwise, pursuant to 
Stafford v. State
, 813 S.W.2d 503 ( Tex. Crim. App. 1991).  Our own review not only confirmed the accuracy of appellate counsel’s representations, but also failed to reveal any error. 

Accordingly, the motion to withdraw is granted and the judgment is affirmed. 

                                                

Brian Quinn 

     Justice 

 

 Do not publish.              

FOOTNOTES
1:
See Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).